UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTINA JOUNGSOON KIM,

                    Plaintiff,

          -against-

SONYA Y. BRYANT; NENOOCH LLC;
WILLIAM NORIS,

                    Defendants.

1:21-CV-3710 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Justina Joungsoon Kim, of Scarsdale, Westchester County, New York, sues:

(1) Sonya Y. Bryant, (2) Nenooch LLC ("Nenooch"), and (3) William Noris.[1] Plaintiff does not

specify the basis for the Court's subject matter jurisdiction to consider her claims. She seeks the

return of $15,880 in bank wire transfers that she made to the defendants' bank accounts. Plaintiff

alleges that Bryant's mailing address is in Pennsylvania, Nenooch's mailing address is in New

Jersey, and that Noris's home is in Texas. (ECF 2, at 4, 6.) She also alleges that the defendants

are citizens of Pennsylvania and New York, and that Nenooch is incorporated and has its

principal place of business in New Jersey. (*Id.* at 3.)

---

[1] Under Rule 5.2(a)(2) of the Federal Rules of Civil Procedure, a court submission must refer to a person's birth date by referring only to the person's birth year. And under Rule 5.2(a)(4) of the same rules, a court submission must refer to a financial account number by referring only to the account number's last four digits. Plaintiff's complaint refers to the complete birth date of one of the defendants, and she has attached to it documents revealing complete financial account numbers belonging to all of the defendants. The Court has therefore asked the Clerk of Court to restrict electronic access to the complaint to a "case-participant only" basis.

By order dated June 30, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff's complaint is not very clear. Plaintiff seems to allege that between December 17, 2019, and January 9, 2020, she was the victim of a "web scam" that originated in Turkey and Syria. (ECF 2, at 5.) Plaintiff also alleges the following: In November 2019, Plaintiff encountered Noris's personal internet profile. Noris expressed his love for Plaintiff and asked her to pay "for his release from [the] U.S. Military." (*Id.*) Noris told Plaintiff that he was serving in the United States military as a surgeon and was being paid $60,000 per month. Plaintiff did not initially respond to Noris's request. Noris then emailed to Plaintiff "his bankbook balance," which totaled over $23 million. Noris said he would return any payment Plaintiff made as soon as he arrived in New York.

Between December 17, 2019, and January 9, 2020, Plaintiff arranged for six separate bank wire transfers in the following amounts: $985; $2,035; $2,035; $7,285; $1,035; and $2,535.[2] Plaintiff seeks the return of those funds that she transferred, which she values at $15,880.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

---

[2] Plaintiff has attached to her complaint copies of bank documents that show the following bank wire transfers from her accounts to the accounts of the defendants: (1) $920 to Sonya Y. Bryant on December 17, 2019; (2) $7,250 to Nenooch on December 21, 2019; (3) $2,000 to Sonya Y. Bryant on December 24, 2019; (4) $2,000 to Sonya Y. Bryant on December 31, 2019; (5) $1,000 to Sonya Y. Bryant on January 3, 2020; and (6) $2,500 to Sonya Y. Bryant on January 9, 2020. (ECF 2, at 9-14.)

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

## A.      Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff alleges no facts that suggest that any of her claims arise under federal law. Thus, this Court lacks federal question jurisdiction to consider Plaintiff's claims.

## B.      Diversity jurisdiction

To establish the Court's diversity jurisdiction, a plaintiff must first show that she and the defendants are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where she "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* And "a

limited liability company [ – an 'LLC,' such as Nenooch –]. . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

There is a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff, a citizen of New York State, alleges that at least one defendant is also a citizen of New York State. Thus, the parties are not diverse. But even if the parties were diverse, Plaintiff fails to allege facts showing that her claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000. Plaintiff seeks the return of only $15,880. Accordingly, the Court lacks diversity jurisdiction to consider Plaintiff's claims, and the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 4.)

SO ORDERED.

Dated:   July 6, 2021
         New York, New York

        /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
       Chief United States District Judge