UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTINA JOUNGSOON KIM,

            Plaintiff,

-against-

SONYA Y. BRYANT; NENOOCH LLC; WILLIAM NORIS,

            Defendants.

1:21-CV-3710 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

      By order dated July 6, 2021, and entered on July 8, 2021, the Court dismissed this *pro se* action for lack of subject matter jurisdiction. On July 27, 2021, Plaintiff filed a letter in which she asks the Court to reopen this action. (ECF 8.) The Court construes Plaintiff's letter as a motion brought under Rule 59(e) of the Federal Rules of Civil Procedure and under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). For the reasons discussed below, the Court denies the motion.

## DISCUSSION

      The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked controlling decisions or factual matters that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009). "Such motions

must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citation omitted).

Plaintiff has failed to show that the Court overlooked controlling decisions or factual matters that would cause the Court to vacate its July 6, 2021 order and judgment. The Court therefore denies Plaintiff relief under Rule 59(e) and Local Civil Rule 6.3.

## CONCLUSION

The Court construes Plaintiff's letter (ECF 8) as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration under Local Civil Rule 6.3. The Court denies the motion.

Plaintiff has consented to electronic service of court documents. (ECF 4.)

Plaintiff's action in this Court under Docket No. 1:21-CV-3710 (LTS) is closed. The Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless,

the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

SO ORDERED.

 Dated:   August 27, 2021
             New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge